In the United States District Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Xinyang Hualong Minerals Co., Ltd., | § § § | |
| Plaintiff, | § § | Civil Action No. 4:16-cv-00104 |
| v. | § § | |
| John Delgado DBA PetroFrac Global Logistics | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Xinyang Hualong Minerals Co., Ltd. files this Original Complaint against Defendant John Delgado DBA PetroFrac Global Logistics and alleges as follows:

## I.
## PARTIES

1. Plaintiff Xinyang Hualong Minerals Co., Ltd. ("Hualong") is a company organized under the laws of the People's Republic of China. Plaintiff Hualong's principal place of business is 510 Bering Dr., Ste. 300, Houston, TX 77057.

2. Defendant John Delgado is believed to be a resident of the State of Washington. Defendant Delgado can be served with process at his home address of 2407 169th Ave NE, Bellevue, WA 98008. Delgado does business under the name PetroFrac Global Logistics.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(a) because Plaintiff Hualong is a citizen of Texas and Defendant is a citizen of the State of Washington. The amount in controversy exceeds the jurisdictional minimum as Plaintiff seeks over $75,000 in damages.

Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas, Houston Division.

## III.
## STATEMENT OF FACTS

4. This lawsuit is brought to recover damages suffered by Plaintiff as a result of Defendant's breach of a transportation agreement entered into by the parties.

5. Plaintiff Hualong manufactures ceramic proppant, which is commonly used in the fracturing phase of drilling of an oil and gas well. Plaintiff Hualong manufactures the product in China and sells it to the energy industry in the United States.

6. Delgado does business under the name PetoFrac Global Logistics. Delgado provides logistic and transportation management services.

7. On January 27, 2015, Plaintiff Hualong and Defendants entered into a logistic and transportation management agreement, which was amended on or about April 3, 2015 (the "Agreement"), whereby Delgado agreed to provide various logistics services. As relevant here, Delgado agreed to manage the transportation of 15,000 metric tons of Plaintiff's product, packaged in 10,000 super-sacks, from the Port of Vancouver in the State of Washington to a warehouse in the State of North Dakota in exchange for certain specified management fees. Fees were calculated on a per-metric-ton basis for moving a total of 15,000 metric tons. Also relevant here, the Agreement required Delgado to make any and all necessary fee and storage payments to the Port of Vancouver.

8. Defendant Delgado signed the Agreement purportedly under his DBA, PetroFrac Global Logistics.

9. Plaintiff Hualong performed its obligations under the Agreement by making payments totaling $2,218,274.33 in a timely manner in accordance with the Agreement.

10. Delgado managed the transportation of 13,200 metric tons (8,800 super-sacks) of product, but refused and failed to transport the rest of the cargo of 1,800 metric tons (1,000 super-sacks) of product. Delgado also failed to pay various fees to the Port of Vancouver related to the product.

11. While Plaintiff Hualong was demanding performance by Delgado, it received demands—which included penalties and interest—from Port of Vancouver to pay the outstanding amounts owed to the Port. To avoid imminent seizure of the remaining product by the Port of Vancouver, Plaintiff Hualong paid the outstanding amount owed to the Port of Vancouver and has undertaken to transport the remaining 1,800 metric tons of product itself at substantial additional cost.

12. On October 30, 2015, Plaintiff Hualong sent a formal notice and demand letter to Delgado notifying him of his breach of the Agreement as described above.

13. On or about November 3, 2015, Delgado contacted a representative from Hualong and confirmed the receipt of the demand letter, yet refused to fulfill his contractual obligations.

## IV.
## CAUSE OF ACTION

### BREACH OF CONTRACT

14. Paragraphs 1-13 are incorporated herein as if set forth in full.

15. Delgado DBA PetroFrac Global Logistics entered into the Agreement whereby he agreed to manage and transport 15,000 metric tons of Plaintiff Hualong's cargo for a specified fee.

16. Plaintiff Hualong has performed its obligations under the Agreement by making timely payments to Delgado.

17. Delgado repeatedly refused to and has failed to perform under the Agreement as described above. Accordingly, he has breached the Agreement.

18. Plaintiff Hualong has suffered harm as a result of the breach.

## UNJUST ENRICHMENT

19. Paragraphs 1-13 are incorporated herein as if set forth in full.

20. Plaintiff Haulong paid Delgado for services he has refused to provide.

21. Similarly, Plaintiff Haulong has paid Delgado funds intended to compensate the Port of Vancouver for fees and services. Delgado has refused to pay the Port of Vancouver. To avoid seizure of its goods, Plaintiff Haulong covered those payments—again.

22. Thus, Delgado has failed to make restitution of the benefits that he wrongfully or passively received under circumstances that give rise to an obligation to repay and has, accordingly, been unjustly enriched by those amounts.

## CONDITIONS PRECEDENT

23. All conditions precedent to the aforementioned causes of action have been satisfied or excused.

## ATTORNEY'S FEES

24. Under Chapter 38 of the Texas Civil Practice & Remedies Code, Plaintiff Hualong is entitled to recover the attorneys' fees that it has incurred in prosecuting its claims. It has presented its demand for payment as required by section 38.002. Plaintiff Hualong has a valid and enforceable contract with Delgado DBA PetroFrac Global Logistics. Delgado breached the Agreement and enriched himself unjustly, necessitating that Plaintiff Hualong hire counsel to investigate its claims and to file suit to recover its damages. The fees incurred by Plaintiff Hualong were reasonable and necessary.

## V.
## **REQUEST FOR RELIEF**

25. Plaintiff Hualong requests that the Court grant the following relief:

   (a) Award Plaintiff Hualong monetary damages for the breach of contract claim;

   (b) Award Plaintiff Hualong monetary damages for the unjust enrichment claim;

   (c) Award Plaintiff Hualong its reasonable and necessary attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code;

   (d) Award Plaintiff Hualong all recoverable costs of court;

   (e) Award Plaintiff Hualong pre- and post-judgment interests at the maximum rate permitted by law; and

   (f) Grant Plaintiff Hualong all other relief, in law or equity, to which it is entitled.

Dated: January 13, 2016                     Respectfully submitted,

                                                **DLA PIPER LLP (US)**

                                                By: s/ *Jeffrey Johnson*_____
                                                    Jeffrey Johnson
                                                    Southern District of Texas: 31901
                                                    State Bar No. 24029638
                                                    jeffrey.johnson@dlapiper.com
                                                    Brett Solberg
                                                    Southern District of Texas: 1188910
                                                    State Bar No. 24070651
                                                    brett.solberg@dlapiper.com

                                                    Wells Fargo Plaza
                                                    1000 Louisiana Street, Suite 2800
                                                    Houston, Texas 77002
                                                    Telephone: (713) 425-8400
                                                    Facsimile: (713) 425-8401

                                                ATTORNEYS FOR PLAINTIFF XINYANG HUALONG MINERALS CO., LTD.